UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DANIEL F. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CV-220-TLS |
| | ) | |
| JAMES R. HEUER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Daniel F. Martin, a plaintiff proceeding pro se, filed an Amended Complaint pursuant to 42 U.S.C. § 1983 [ECF No. 6] and an Application to Proceed Without Prepaying Fees or Costs (*in forma pauperis*) [ECF 3]. For the reasons set forth below, the Plaintiff's Application is DENIED, and the Amended Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Martin reports that he has approximately $18 on hand and disability income with an annualized value of $8,328, which is below the federal poverty guideline for a one-person household in Indiana. ANNUAL UPDATE OF THE HHS POVERTY GUIDELINES, 76 FED. REG. 3637-3638 (Jan. 20, 2011). Martin has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed *in forma pauperis*, the Court must look to the sufficiency of a complaint under 28 U.S.C. § 1915(e)(2)(B). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard). For a complaint to survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Here, the Plaintiff's Amended Complaint is lengthy and confusing,[1] but it is apparent that his claims stem from a case litigated in Indiana state court over a piece of property in which he owned a life estate. According to the Amended Complaint, the property was sold at a public

---

[1] This is the Plaintiff's second attempt to file a proper complaint, as his original complaint was stricken due to numerous deficiencies [ECF No. 4]. His amended complaint is an unwieldy 247 pages including attachments, and he has separately filed a 32-page supplement [ECF Nos. 6, 9]. The Court has given these documents liberal construction as it must. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

auction in October 2008 for delinquent property taxes [ECF No. 1 at 3]. The Plaintiff is suing two of the judges involved in the case, various private lawyers, court personnel, and others, alleging that they violated his due process rights by mishandling the case.

Under the *Rooker-Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). In essence, the doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Id.* The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* Therefore, this Court has no authority to review or reverse the orders of the state court as the Plaintiff requests.

Assuming the Plaintiff has raised some claim that survives the *Rooker-Feldman* bar, he cannot sue the state court judges, since they are entitled to absolute immunity for acts performed in their judicial capacity. *See Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005). This is true even if the Plaintiff believes the judges acted improperly in ruling on his various motions, as his remedy was "through appellate process," not a civil rights suit. *Id.* at 661. The Plaintiff's claims against administrative court personnel acting at the direction of the court are also barred, since such individuals are also entitled to immunity. *See Snyder v. Nolen*, 380 F.3d 279, 286–87 (7th Cir. 2004). Furthermore, the Plaintiff cannot sue private attorneys and other private individuals for constitutional violations, since the Constitution only protects against actions by state actors. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Finally, to the extent that the Plaintiff has raised some claim against a viable defendant that is not barred by the *Rooker-Feldman* doctrine or various forms of immunity, any such claim would be untimely. Indiana's two-year statute of limitations applies to causes of action brought

in Indiana under 42 U.S.C. § 1983. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Here, the Plaintiff is complaining about events leading up to and culminating in the tax sale, which occurred in October 2008 [ECF No. 6]. This action initiated in June 2011 was not filed within two years of that date. Although the statute of limitations is an affirmative defense, dismissal on this ground is appropriate since it is apparent from the face of the Amended Complaint that the Plaintiff's claims pertaining to the tax sale are untimely. *See Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

## CONCLUSION

For these reasons, the Court **DENIES** the Plaintiff's Application to Proceed Without Prepaying Fees [ECF No. 4], and **DISMISSES** the Amended Complaint [ECF No. 6] pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED on September 2, 2011.

 s/ Theresa L. Springmann
 THERESA L. SPRINGMANN
 UNITED STATES DISTRICT COURT